

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50195 | **DATE** | 1/22/2002 |
| **CASE TITLE** | EXLINE vs. KANEY, ET AL. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, plaintiff's motion to remand to the Circuit Court of the 17th Judicial Circuit of Illinois is granted. This court lacks jurisdiction to consider defendants' motion to dismiss Count II.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

# MEMORANDUM OPINION AND ORDER

Plaintiff, Pearly D. Exline, a/k/a Daniel Exline, brought a complaint against defendants, Kaney Transportation, Inc.("Kaney") and Ronald L. Bell, in state court alleging breach of contract against Kaney and violation of the Illinois Wage Payment and Collection Act, 820 I.L.C.S. 115/1 et seq. ("IWPCA"), against Kaney and Bell arising from nonperformance of a deferred compensation agreement ("the agreement") between the parties. Defendants removed the case to this court pursuant to 28 U.S.C. §§ 1441 asserting federal question jurisdiction. Plaintiffs moved for default judgment or in the alternative to remand to the state court. The motion for default was subsequently withdrawn. Defendants moved to dismiss count II, the IWPCA claim. Plaintiff's motion to remand and defendants' motion to dismiss are before the court.

Generally, federal question jurisdiction exists for removal only if the plaintiff's "well-pleaded complaint" raises issues of federal law, however, an exception exists where the complaint asserts state law claims that have been displaced by the civil enforcement provisions of section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). Defendants assert plaintiff's state law claims have been displaced by ERISA and, therefore, the case was properly removed.

Defendants urge the application of the three part test set forth in Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1487 (7th Cir. 1996) to determine ERISA preemption of state law claims. However, the threshold question, although not raised by the parties, is whether the agreement is a "plan" under ERISA. The agreement is between Kaney and plaintiff. It does not involve any other employees. It provides plaintiff with deferred compensation benefits which are earned on the last day of each calendar year 1997-1999. The benefits are non-forfeitable once earned. Plaintiff is to receive payments in sixty equal monthly installments commencing one month from retirement. The payments are unfunded, that is, paid from the general assets of Kaney. The agreement contains a non-competition provision barring plaintiff from competing with Kaney for five years. It provides plaintiff would be liable "for full damages including any loss of future revenues, costs, losses, liability, or expense . . ." for breach of the non-competition provision.

While it is possible for an arrangement involving only one employee to be an ERISA plan, there must be an ongoing administrative scheme to fall within ERISA. See Cvelbar v. CBI Illinois Inc., 106 F.3d 1368, 1376 (7th Cir. 1997) cert. denied, 522 U.S. 812 (1997), abrogated on other grounds by, Int'l Union of Operating Eng'rs v. Rabine, 161 F.3d 427 (7th Cir. 1998). Whether the employer's obligation under the arrangement requires managerial discretion is key to determining if an ongoing administrative scheme exists. See Id. at 1377. No such discretion is required here.

Under the agreement the deferred compensation was earned on the last day of each calendar year and became non-forfeitable at that time. Upon retirement, the total amount of earned deferred compensation was to be paid in sixty equal monthly installments. The only discretion Kaney had was the right to prefund, annuitize or pay in a lump sum. The court does not find this level of discretion to be sufficient to find an ongoing administrative scheme to bring the agreement within ERISA's coverage.

In Cvelbar, supra, the employer had to exercise discretion on a broader scale than here. It had to determine the reason for Cvelbar's termination to determine if he was entitled to benefits. It had to monitor his covenant not to compete since he would lose his right to benefits and have to refund payments received if he breached the covenant. It had to monitor the amount paid to him since if the employer's counsel made a certain determination as to the nature of the payments, there would be a cap on the payments. The employer had to annually reevaluate the contract to determine whether it should be extended. Id.

Here, the benefit was non-forfeitable when earned. A breach of the non-competition provision would not cause a forfeiture of future payments or require repayment of previously made payments. Kaney did not have discretion to cap payments nor was the agreement subject to discretionary extension or termination.

In sum, Kaney did not have sufficient discretion under the agreement to constitute an ongoing administrative scheme to make the agreement a plan for ERISA purposes. Therefore, the court lacks federal question jurisdiction over this case. Plaintiff's motion to remand the case to the circuit court for the 17th Judicial Circuit of Illinois is hereby granted. The court lacks jurisdiction to consider defendants' motion to dismiss count II.